JUDGE PETEBS
delivered the opinion op the court.
The precise character and extent of estate that Mrs. Hawthorn took under the will of her father this court *503 has neither the leisure nor disposition to discuss, since it is not material to the decision of the questions involved in this controversy.
It appears in the record that Richard Southgate, the father of Mrs. Hawthorn, devised to her the one sixth of his real estate in Kentucky and Ohio, to her sole, separate, and exclusive use, free from the control or authority of her present or any future husband, with power to dispose of the same by deed or will to her own children, or to any one or more of the lineal descendants of the testator whom she might select as the objects of her bounty.
In the exercise of the power thus conferred upon her, Mrs. Hawthorn, upon consultation with her husband and her three married daughters, of whom Maggie Root was one, and their husbands, prior to the 10th of June, 1868, determined to sell lot No. 10 in the city of Covington, and a part of the real estate devised to her by her father, for the purpose of raising money with which to purchase comfortable residences for their three married daughters, Mrs. Anna Grier, Mrs. Virginia Dyer, and Mrs. Root; and to effectuate that object, after they had found purchasers willing to pay a price for said lot that would enable them to purchase of erect suitable dwellings for the three daughters named, it was agreed, that as Mrs. Hawthorn could only convey the lot to her own child or children or some of the lineal descendants of said testator, that she and her husband Jacob Hawthorn would convey said lot to their daughter Mrs. Maggie B. Root, who by the arrangement was, with her husband James C. Root, to convey the same lot to McDonnold & Moffitt, who had contracted to purchase it at the price of twenty-two thousand dollars.
Accordingly, on the 10th of June, 1868, appellants Hawthorn and wife conveyed said lot to appellee Maggie *504 B. Root, believing at the time that she was twenty-one years of age, but- in which they were mistaken; and on the same day she and her husband conveyed the same lot to McDonnold & Moffitt for the consideration aforesaid; six thousand dollars of the price to be paid down, and the residue of the price to be divided into three equal annual installments, for which the notes of the purchasers were to be given, carrying interest from date, and their payment to be secured by a mortgage of the lot.
It is alleged in the petition that it was the agreement of the parties that the check for the first payment and the notes for the deferred payment were all to be made payable to Mrs. Boot, who was to assign them to appellants to enable them to effectuate the objects of the sale.
The deeds and mortgage were all executed, and the check and notes payable to Mrs. Root being signed, the papers were all prepared by appellee J. C. Root, who was and is a lawyer, and left by'an arrangement of the parties in possession of J. B. Jones, cashier of the branch of the Northern Bank of Kentucky, in Covington, until the purchasers would have an opportunity to have the title examined, and if they should be satisfied that the title to the lot was clear and perfect, the papers were all to be delivered to the parties respectively entitled to the same. The deeds were delivered, and the one.to appellee Maggie B. Root has been recorded in the proper office.
This action was brought by Hawthorn and wife against Boot and wife, and the vendees McDonnold and Moffit, to cancel and set aside the conveyances, and to restore the parties to their former situation, on the ground that at the time the conveyance was made to Mrs. Boot she was a minor, under twenty-one years of age, and her deed consequently passed no title to the vendees; and on the further ground that her husband and herself were unwilling to *505 carry out the family arrangement for which the attempted sale of the lot was designed, but claimed the whole proceeds, and were endeavoring to appropriate the check and notes, or the lot, to their own use, to the exclusion of the rights and benefits intended by their parents for the two married sisters of Mrs. Root and herself.
On the trial the court below rescinded the contract of sale, and set aside the deed to McDonnold and Moffitt, but refused the relief sought by Hawthorn and wife, and dismissed their petition; and from that judgment they have appealed.
The alleged objects of the sale of the lot by appellants are not denied by appellees in their answer, but they resist the relief sought on the ground mainly that appellant Jacob Hawthorn intended to get the proceeds of the sale, or the greater part thereof, and use and appropriate the same to his own use, and thereby defeat the kind purposes of his wife.
If Mrs. Root is permitted to retain the legal title to the lot, and appropriate the same to her own use or to the benefit of herself and husband, the whole plan and purpose of Mrs. Hawthorn for securing for her three married daughters comfortable homes will be entirely defeated. And while appellees admit that to have been her object, and resist the cancellation of the deed, they do not profess to be willing nor do they offer to carry out her intentions, but set up their fears that in the final distribution of the real estate devised by Mrs. Hawthorn’s father they would be charged with the full price of the lot instead of one third of the price.
Whether that is a substantial or mere specious objection we will not stop to consider; for it is very evident that the legal title to the lot was conveyed to Mrs. Root, as a trustee to pass it to the purchasers, to raise money to *506 be invested for tbe benefit of berself and sisters; of all which her husband and herself were fully aware when the deed was made: and having accepted the trust, there was an implied obligation on both of them to pei’form all the acts which were necessary and proper for the due execution of the same, and which they undertook by the acceptance of the deed. (Story’s Eq. Jur., sec. 1268.)
. To permit appellees to hold the estate would be to defeat the whole objects of the grantors, and to permit them to acquire and hold the title adverse to those for whose benefit the conveyance was originally made, or to acquire and hold a title adverse to the cestui que trusts, can not be allowed.
As therefore the objects for which the conveyance was made to Mrs. Root can not be effected on account of her disability to convey to the purchasers McDonnold and Moffitt a good title, the contract with them was properly rescinded, and the deed canceled. The deed to Mrs. Root should also have been set aside and’ the parties placed in statu quo.
Wherefore the judgment of the court below dismissing appellant’s petition as to Root and wife is reversed, and the cause remanded for further proceedings consistent herewith.